Mark I. Labaton (Bar No. 159555)
mlabaton@motleyrice.com
MOTLEY RICE LLP
1801 Century Park East, #475
Los Angeles, CA  90067
Telephone:  (310) 552-7992
Facsimile:  (310) 552-8054

Joel H. Bernstein
jbernstein@labaton.com
Mark S. Arisohn
marisohn@labaton.com
Martis Alex (Bar No. 77903)
malex@labaton.com
Corban S. Rhodes
crhodes@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) |
| IKB INTERNATIONAL S.A. IN LIQUIDATION AND IKB DEUTSCHE INDUSTRIEBANK AG,<br><br>Plaintiffs,<br><br>-against-<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A; NB HOLDINGS CORPORATION; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE SECURITIES CORPORATION; COUNTRYWIDE HOME LOANS, INC.; CWABS, INC., and CWMBS, INC.,<br><br>Defendants. | Case No. 12-CV-06151-MRP *(MANx)<br><br>**CORRECTED ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL DISCOVERY MATERIAL**<br><br>Courtroom:   12<br>Judge:     Mariana R. Pfaelzer |

1

1

2

3          After consideration of the terms of the foregoing Stipulation Regarding

4   Governing of the Treatment of Confidential Discovery Material ("Stipulation"), and

    good cause appearing therefore,

5          IT IS HEREBY ORDERED that:

6          1.      The Order Governing the Treatment of Confidential Discovery

7   Material (the "Order") shall govern the disclosure and use of Confidential Discovery

8   Material (as defined below) and all other discovery material (as applicable) provided

9   during the course of the above-captioned action (the "Action"), by the Parties to the

10  Action or by nonparties, either voluntarily or as required by requests for discovery

11  made pursuant to the Federal Rules of Civil Procedure, by subpoena, or by order of

12  the Court.

13         2.      Nothing in the Order shall apply to documents, information, material,

14  or any portion thereof obtained by any Receiving Person on a non-confidential basis

15  from an unrelated person or entity ("Independently Obtained Documents"), provided

16  that if an Independently Obtained Document duplicates, in whole or in part,

17  documents produced to the Receiving Person and designated as Confidential

18  Discovery Material, and the Independently Obtained Document was obtained

19  directly or indirectly by the unrelated person or entity as a result of discovery from

20  any Producing Person or affiliated person or entity in any litigation or proceeding

21  involving any Party or affiliated person or entity, such Independently Obtained

22  Document, or the duplicative portion thereof, shall be treated by the Receiving

23  Person as Confidential Discovery Material.  Nothing in this paragraph shall be

24  deemed to relieve any unrelated person or entity from complying with its obligations

25  under any agreement or court order that is otherwise applicable to that person or

26  entity.

27         3.      As used in the Order, "Person" includes any individual, entity, natural

28

person, or any business, legal or governmental entity or association. "Producing Person" refers to any person that produces discovery material. "Receiving Person" refers to any person that receives discovery material subject to the Order.

4.     The Order designates as "Confidential Discovery Material" documents or discovery responses that may be produced during discovery that are designated as such by a Producing Person because they contain any of the following: confidential, sensitive, or nonpublic financial information and statements; proprietary business information, including business plans and records of internal deliberations and decision-making; policies and procedures not generally published, including those concerning business operations, employee benefits and risk management procedures; surveys concerning customers, competitors and employees; and individual personal information that is protected from disclosure under state, federal or foreign law, including identifying personal private information and personal financial information, about any Party, any employee of any Party, or any nonparty. It is possible that disclosure of this Confidential Discovery Material may cause harm to the Producing Persons and their employees, as well as to nonparties.

5.     The Order also designates as "Confidential Discovery Material" any document or other discovery material produced in the Action pursuant to an agreement or order requiring the reproduction of such discovery material from other litigations or proceedings (the "Reproduced Discovery Material") where such Reproduced Discovery Material was marked or designated confidential (or a similar designation) in the litigation or proceeding in which such Reproduced Discovery Material was originally produced.

6.     Further, this Protective Order permits the designation as "Highly Confidential Discovery Material" or "Confidential – Attorneys and Experts Only" of documents or information produced during discovery that contain sensitive, proprietary, confidential, and personal information which a Producing Person in

good faith believes constitute Confidential Discovery Material but for which "Confidential Discovery Material" status may not provide sufficient protection. Material that is designated "Highly Confidential Discovery Material" or "Confidential – Attorneys and Experts Only" shall be subject to all the protective terms applicable to "Confidential Discovery Material" as well as the more protective measures expressly set forth herein.  The limitations set forth under this paragraph shall only be modified by agreement among the Parties and Order of the Court.

7.     The Order hereby designates as "Confidential – Attorneys and Experts Only" any Reproduced Discovery Material where such Reproduced Discovery Material was marked or designated highly confidential (or a similar designation) in the litigation or proceeding in which such Reproduced Discovery Material was originally produced.

8.     All documents designated as Confidential Discovery Material shall be so designated, by Bates range, in a letter accompanying their production to a Receiving Person, and/or by stamping the media in which the documents are transmitted, and/or by stamping each page of a document "CONFIDENTIAL," "CONFIDENTIAL DISCOVERY MATERIAL," or "CONFIDENTIAL TREATMENT REQUESTED BY [name of the Producing Person]."  All documents designated as Highly Confidential Discovery Material or Confidential – Attorneys and Experts Only shall be so designated, by Bates range, in a letter accompanying their production to a Receiving Person, and/or by stamping the media in which the documents are transmitted, and/or by stamping each page of a document "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS AND EXPERTS EYES ONLY."  Documents may be designated as Confidential Discovery Material at any time.  Without limiting the foregoing sentence in any way, a Producing Person may designate a document as Confidential Discovery Material after it was earlier produced without such a designation, and such production, in and of itself, shall not

prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Person would otherwise be entitled.  Any documents designated as Confidential Discovery Material prior to entry of this Order shall be treated the same in all respects as documents designated as Confidential Discovery Material after the entry of this Order.  This Order also treats as Confidential Discovery Material oral communications designated as confidential either orally (provided that such designation was recorded by a court reporter) or in writing.  Materials designated as CONFIDENTIAL pursuant to this Order shall be designated and marked as follows:

(a)     <u>Documents or TIFF Images:</u>  Documents or TIFF images may be designated as Confidential Discovery Material or Highly Confidential Discovery Material by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or an equivalent thereof, on any such document or image.  Unless the Parties otherwise agree, such legend shall be placed upon every page of each document or image containing  Confidential Discovery Material or Highly Confidential Discovery Material.  In lieu of marking the originals of documents, the disclosing party may mark the copies that are produced or exchanged.  Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") containing Confidential Discovery Material or Highly Confidential Discovery Material need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp.  Instead, the disclosing party shall use reasonable means to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" such Natively Produced ESI, including, where applicable and/or practicable, by

(i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" mark; (ii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name of the Natively Produced ESI; or (iii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the label of the media or in the production letter for the Natively Produced ESI.

(b)      Non-Paper Media:  Where Confidential Discovery Material  or Highly Confidential Discovery Material is produced in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.) that does not include TIFF images, the appropriate confidentiality notice as described in Paragraph 8(a) above should be placed on the medium, if possible, and its container, if any, so as to give clear notice of the designation.  To the extent that any receiving party prints any of the information contained on non-paper media that is designated as containing Confidential Discovery Material or Highly Confidential Discovery Material , such printouts will be marked as described in Paragraph 3(a) above by the receiving party.

(c)      Physical Exhibits:  The confidential or highly confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in Paragraph 8(a) above.

(d)      Written Discovery:  In the case of Confidential Discovery Material or Highly Confidential Discovery Material incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the appropriate confidentiality designation as described in Paragraph 8(a) above shall be placed on the

first page of the document and on each page containing answers or responses that contain Confidential Discovery Material or Highly Confidential Discovery Material .

9.      Confidential Discovery Material also includes those portions of any notes, work papers or other work product that contain information from documents designated as Confidential Discovery Material without the need for a separate confidential designation on the notes, work paper, or other work product.

10.      If discovery material is inspected at the Producing Person's choice of location, all such discovery material shall be presumed at such inspection to have been designated as Confidential Discovery Material by the Producing Person until such time as the Producing Person provides copies to the Party that requested the discovery material.  Production of Confidential Discovery Material for inspection and copying shall not constitute a waiver of confidentiality.

11.      <u>Nonparty Borrower Information Designation</u>.  The Parties have agreed to produce or have served or intend to serve document requests, interrogatories or other requests, and/or have issued or intend to issue subpoenas to nonparties for documents and other information, which require production of certain records relating to individual mortgage loans ("loan files") and/or to the servicing of those loans ("servicing records").  The loan files, servicing records, and related documents contain non-public personal information and/or other sensitive personally identifying information pertaining to individual borrowers, and information that constitutes "nonpublic personal information" within the meaning of the Gramm Leach Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, including, but not limited to, any portion of a loan file or other document which includes financial and/or credit information pertaining to individual borrowers (including any credit history, report or score obtained on any such borrowers to determine the individual's eligibility for credit) together with personally identifying

information with respect to such borrowers, which may include, but is not limited to, names, addresses, Social Security numbers, telephone numbers, and places or positions of work ("Nonparty Borrower Information").

(a)     Any Person (including nonparties) producing materials through discovery may designate loan files, servicing records, or related documents that it discloses during discovery in this matter, including, but not limited to, the Nonparty Borrower Information contained therein, as Confidential Discovery Material because the materials constitute, contain, reveal or evidence "non-public personal information."

(b)     Any Person (including nonparties) receiving non-public personal information consisting of, derived from, or related to loan files or servicing records produced in discovery, regardless of whether such material is designated with the appropriate designation, shall use that material solely for the purpose of conducting this Action.  Notwithstanding the foregoing, nothing in this Order shall require any Receiving Person to disregard or violate any order, direction, or regulatory requirement of any governmental authority, subject to the provisions set forth in Paragraph 18.

(c)     In order to expedite production of loan files and servicing records, a Producing Person may, at its sole option, produce materials without a detailed or any review, subject to the "clawback" procedures in this Order (Paragraph 19) or as otherwise agreed to.  In doing so, the Producing Person may designate the contents of loan files, servicing records, or related documents that by their nature contain Nonparty Borrower Information with the appropriate designation even if some of the documents in the collection may not, considered individually, qualify for such designation.

(d)     The Producing Person shall designate Nonparty Borrower Information material as follows:

(i)      In the case of information in documentary form, the Producing Person shall designate the documents as Confidential Discovery Material in the manner described above in Paragraph 6, except that bulk productions may be designated as set forth in Paragraph 11(d)(iii).

(ii)      Nonparty Borrower Information may be used in depositions.  The party using such information in a deposition should designate any portion of the deposition testimony discussing such information as CONFIDENTIAL pursuant to the procedure outlined in Paragraph 14.

(iii)      Any Nonparty Borrower Information produced in a non-paper media (*e.g.*, computer disks or drives) and/or bulk productions in native format or without Bates numbers may be designated as such by affixing the legend CONFIDENTIAL in a prominent place on the exterior of the container in which the information is stored and/or on the first page of a document and/or on the relevant page(s) of the document.  In the event a Receiving Person generates any electronic copy, hard copy, transcription, or printout from any such designated non-paper media, that Receiving Person must treat each copy, transcription, or printout as confidential pursuant to the terms of this Order.

12.      <u>Treatment of Confidential Discovery Material</u>.  Confidential Discovery Material shall be subject to the following restrictions:

(a)      Confidential Discovery Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of the Action,[1] including any appeals thereof, and shall not be used by the Parties or

---

[1]  Plaintiffs reserve the right to seek agreement or an Order providing that Confidential Discovery Material produced in this action may also be used in the

any other person for any commercial, business, competitive or other purpose. Absent consent from a Producing Person, which shall be given solely in that Producing Person's discretion, no Confidential Discovery Material produced by such Producing Person may be used in connection with any other litigation, matter, or proceeding.

(b)      Confidential Discovery Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (c) below to whom it is reasonably necessary that such Confidential Discovery Material be given or shown for the purposes permitted under subparagraph (a) above, and shall not be disclosed by them, subject to the provision at the end of this Paragraph governing further restrictions on dissemination of material designated Confidential – Attorneys and Experts Only.

(c)      Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," defined as follows:

(i)      counsel of record for the Parties, and attorneys, paralegal, clerical and other staff employed or retained by such counsel who are assisting in the conduct of the Action;

(ii)      those officers, directors, and representatives (including legal representatives) of the Parties deemed necessary to aid counsel in the conduct of the Action;

(iii)      witnesses and prospective witnesses (other than

---

following actions: *IKB International S.A. in Liquidation v. Bank of America Corporation*, No. 12. Civ. 4036 (S.D.N.Y.); *IKB International S.A. in Liquidation v. Citigroup Inc.*, No. 653100/2012 (Sup. Ct. N.Y. Cnty.); *IKB Deutsche Industriebank AG v. Credit Suisse Securities (USA) LLC*, No. 653122/2011 (Sup. Ct. N.Y. Cnty.); *IKB International S.A. in Liquidation v. Goldman Sachs Group, Inc.*, No. 653101/2012 (Sup. Ct. N.Y. Cnty.); *IKB International S.A. in Liquidation v. JPMorgan Chase & Co.*, No. 12 Civ. 4617 (S.D.N.Y.); and *IKB International S.A. in Liquidation v. Morgan Stanley*, No. 653964/2012 (Sup. Ct. N.Y. Cnty.).

Parties) at any deposition or hearing in the Action, *provided, however*, that the witness shall not retain any documents marked as Confidential Discovery Material;

(iv)    consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

(v) the Court, court personnel, and jurors, potential jurors or alternate jurors;

(vi)    court reporters and videographers used in connection with the conduct of the Action;

(vii)   outside photocopying services, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

(viii)  persons who are or were authors or recipients of the Confidential Discovery Material;

(ix)    any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Action or to indemnify or reimburse for payments made to satisfy a judgment;

(x) mediators, arbitrators, or discovery masters (and their support staff), if any, assisting in these Action;

(xi)    any non-party reasonably believed to have originated a loan at issue in the Action or to be in possession, custody, or control of a loan file at issue in the Action, which may receive Nonparty

Borrower Information for that loan for the purpose of locating the loan file; and

(xii)   any non-party reasonably believed to have conducted due diligence on the securitizations or mortgage loans at issue in the Action or to be in possession, custody, or control of documents related to such due diligence, but such non-party may only receive the specific Nonparty Borrower Information that it represents is necessary for it to locate documents relating to such due diligence.

(d)     Documents or information designated as Highly Confidential or Confidential – Attorneys and Experts Only shall be disclosed only to attorneys of record and in-house or other retained counsel for the Parties to the Action, the authorized secretarial and legal assistance staff of such attorneys and counsel, photocopying and litigation support services as provided in paragraph 12(c)(vii), witnesses as provided in paragraph 12(c)(iii), the Court and Court personnel as provided in Paragraph 12(c)(v), and, subject to Paragraph 12(c)(iv), to consultants, experts, and their staff retained by the Parties or their attorneys for purposes of this Action.  No documents or information designated as Highly Confidential or Confidential – Attorneys and Experts Only shall be disclosed to any third party or to any Party of the Action, other than the Producing Person, except by written stipulation of the Parties, by order of the Court, or as otherwise provided herein.  Documents or things designated as Highly Confidential or Confidential – Attorneys and Experts Only shall not be retained, filed, or stored on the premises of any Party.

(e)     Each person described in subparagraph 12(c)(iii), (iv), (ix), (x) and (xi) to whom Confidential Discovery Material is disclosed shall first be advised that such material is being disclosed pursuant and subject to the terms

of the Order and that it may not be disclosed other than pursuant to the terms hereof.  Prior to disclosing Confidential Discovery Material to any person described in subparagraph 12(c)(iii), (iv), (ix), (x) and (xi) above, counsel shall cause each such person to execute a certificate in the form annexed hereto as Exhibit A, although no Exhibit A shall be required from persons or entities that receive only such Confidential Discovery Material to which they are reasonably believed to have had prior access.  Counsel shall be responsible for retaining executed certificates.  Any person receiving Confidential Discovery Material is enjoined from disclosing that information to any other person, except in accordance with this Order.

13.     Inadvertent Disclosure of Confidential Discovery Material.  If any Receiving Person inadvertently discloses Confidential Discovery Material to persons who are not Qualified Persons, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential Discovery Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Discovery Material in accordance with the terms of the Order.  Such disclosure shall also be reported in writing, via overnight delivery service or email, to the Producing Person who produced such inadvertently disclosed Confidential Discovery Material promptly, and in no event later than three business days from the discovery of such disclosure.

14.     Confidential Discovery Material and Depositions.  Information or testimony disclosed at a deposition may be designated as Confidential Discovery Material by the person providing such testimony, by a Party, or by a Producing Person if such person either:

(a)     identifies on the record at the deposition those portions of the testimony that are designated as Confidential Discovery Material; or

(b)     provides written notification to all Parties within thirty days of

the court reporter's release of the transcript of the deposition as to those portions of the transcript that are designated as Confidential Discovery Material.

Except to the extent the Parties otherwise agree, the entire transcript of any deposition shall be treated as Confidential Discovery Material until thirty (30) days after the court reporter's release of the transcript of the deposition.  The deposition transcript that contains Confidential Discovery Material designated pursuant to subparagraph (a) above shall be stamped, as set forth in paragraph 8 above, by the court reporter or by counsel.  If counsel for any Party believes that a question put to a witness being examined in deposition will disclose Confidential Discovery Material, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such Confidential Discovery Material, such counsel may so notify the examining counsel, and, in that event, that portion of the deposition shall be taken in the presence only of counsel, Parties to the Action, the court reporter, video operator and their assistants.  The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover page of the transcript accordingly.

15. <u>Filing Confidential  Discovery Material</u>.  In the event that any person discloses Confidential Discovery Material in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court prior to trial, the disclosing person shall conditionally file the documents containing Confidential Discovery Material under seal with the Clerk of this Court pursuant to Local Rule 79-5.  The Parties understand that designation of materials as Confidential Discovery Material or as Confidential – Attorneys and Experts Only does not automatically entitle the Parties to have such information kept under seal and that any submission of documents under seal should seek to file under seal only those portions of the

documents that contain Confidential Discovery Material, *see, e.g., Kamaka v. City & County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006), and should be made to the judicial officer presiding over the proceedings in question.  To the extent documents containing Nonparty Borrower Information are to be filed with the Court or used as exhibits in any hearing, unless otherwise ordered by the Court, the filing party must either exclude from the exhibits or redact any Nonparty Borrower Information sufficiently to ensure that nonparty borrower identities, or information from which their identities could be ascertained, is masked and not discernible.  This Order does not address the use of Confidential Discovery Material for use at trial. The Parties agree to meet and confer regarding use of Confidential Discovery Material in connection with trial and to raise the issue with the Court at an appropriate time.

16.     <u>Objections to Confidential Classification</u>.  No Party concedes that any discovery material designated by any other person as Confidential Discovery Material under any provision of the Order in fact contains or reflects trade secrets, proprietary or confidential information, or has been properly designated as Confidential Discovery Material, and entering into the Stipulation shall not prejudice the right of a Party to seek, at any time, a determination by the Court of whether any particular document or information should be subject to the terms of the Order.  Nor does the availability of Confidential Discovery Material status or Confidential - Attorneys and Experts Only status suggest that all documents or other materials are properly discoverable, and shall not affect any other valid objection to production of documents or other materials.

A Receiving Person shall not be obliged to challenge the propriety of a designation of documents or other material as Confidential Discovery Material at the time made or thereafter, and failure to do so shall not preclude a subsequent challenge thereof.  If at any time a Receiving Person objects to a designation under

the Order (an "Objecting Party"), the Objecting Party shall notify the Producing Person in writing.  The Objecting Party shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection, and shall otherwise comply with Local Civil Rule 37-1.  Within ten (10) calendar days of the receipt of such written notice, the Producing Person and Objecting Party shall meet and confer in an effort to resolve their differences.  If the disagreement cannot be resolved, the Objecting Party may apply to the Court within ten (10) calendar days for an order overruling the Producing Person's designation.  The application of the Objecting Party shall comply with Local Civil Rules 37-2 and 37-3, and the Producing Person shall have the burden of demonstrating that the document or material designated as Confidential Discovery Material is deserving of confidential treatment or other protection under the terms of the Order.  If the Objecting Party does not make such an application to the Court, the documents or material to which an objection was directed will still be considered Confidential Discovery Material under the Order.  While any such application is pending, the documents or material subject to that application will remain Confidential Discovery Material until the Court rules.

Notwithstanding any other provision of this Order, no person shall challenge in any way any confidentiality designation placed on Reproduced Discovery Material if such designation was previously challenged and upheld in the matter in which it was originally produced.  With respect to Reproduced Discovery Material that is subsequently designated confidential (or highly confidential or any similar designation) in the litigation or proceedings in which such Reproduced Discovery Material was originally produced, the Producing Person shall promptly notify any Receiving Person of such subsequent designation.  In such case, within 14 days of such subsequent designation, the Producing Person shall provide the Receiving Person with corrected copies of such Reproduced Discovery Material, bearing the

subsequently designated confidentiality designation. If any person challenges any confidentiality designation placed on Reproduced Discovery Material, the parties should cooperate to accommodate the terms of the protective order or confidentiality stipulation that governed in the litigation or proceeding in which such Reproduced Discovery Material was originally produced, but the Court will ultimately apply this Protective Order to Confidential Discovery Material produced in the Action.

17. <u>Breach of Confidentiality</u>. In the event that the Court determines that there is an actual or threatened violation of this Order by a Receiving Person, the Parties agree that the Producing Person would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of the Order, in addition to any other remedy to which the Producing Person may be entitled at law or in equity.

18. <u>Legal Process</u>. If any Receiving Person (a) is subpoenaed in another action, (b) is served with a demand in another action to which he, she, or it is a party, or (c) receives a demand or request for documents from a legal or regulatory organization with jurisdiction over it and such subpoena, demand, or request seeks Confidential Discovery Material, the Receiving Person shall (unless prohibited by law or regulation) give written notice, by hand or by e-mail, within the earlier of (i) seven business days of receipt of such subpoena, demand, or request for documents or (ii) no fewer than seven business days before any response to the subpoena, demand, or request is due, to all Parties, and to any nonparty who produced or designated the discovery material as Confidential Discovery Material, and in no event shall produce such requested material prior to providing such notice. Any Party or Producing Person may seek a protective order or other court-ordered relief to prevent the requested production. Should a Party or Producing Person seek a protective order or other court-ordered relief, then the Receiving Person shall not

produce any of the Producing Person's Confidential Discovery Material, until a final decision that is no longer subject to appellate review orders such production, provided that a Party or Producing Person must file any a Notice of Appeal or Motion for permission to Appeal from a lower court order not later than thirty (30) days after Notice of Entry of that order is served.  If a Receiving Person is subpoenaed or requested to produce Confidential Discovery Material by a regulatory or self-regulatory agency with jurisdiction over it, through a process which by law, regulation, interpretive letter, regulatory policy, or compulsory process requires the Receiving Person to produce requested materials without objection, without notice to other Parties, or without delay, the Receiving Person shall be permitted to do so notwithstanding any provisions of this Order, including the advance notice provisions, to the contrary.

19.   <u>Clawback of Protected Produced Documents</u>.  Upon notification that a document or other discovery material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard to such document or other discovery material, the party receiving such notice shall promptly return or, at the Producing Person's option, destroy any and all copies of such document or other discovery material and shall refrain from reading or reviewing said document or discovery material beyond the extent necessary to identify it as the inadvertently produced material, or from utilizing it in any manner or form including without limitation, use during the course of a deposition, review with witnesses, use by counsel or otherwise to prosecute this or any other action, or any other use, disclosure or review whatsoever.  The Receiving Person shall also remove all references to such material from any attorney work product.  The inadvertent production of any document or discovery that is subsequently retrieved or destroyed pursuant to this paragraph shall not be deemed to be a waiver of the claim of

privilege or protection asserted in this Action or in any other proceeding, including in Federal or State proceedings.  Notwithstanding the foregoing, nothing in this paragraph shall prevent a Receiving Person, after promptly returning or destroying the discovery material, from challenging the Producing Person's designation of the document or discovery as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with Local Rules 37-1 through 37-4, (b) any review by the Court of the materials in question is conducted *in camera*, and (c) the challenge shall not assert as ground or basis that the Producing Person waived any privilege or protection because of the inadvertent disclosure.

A Receiving Person may obtain from a Producing Person any privilege log(s) relating to any Reproduced Discovery Material, but only to the extent such privilege log exists, and the Producing Person shall use its best efforts to provide such privilege log(s) to the Receiving Person within 14 calendar days of production of the Reproduced Discovery Material or within 14 calendar days of when a privilege log is provided in the litigation or proceeding in which such Reproduced Discovery Material was originally produced.   A Receiving Person may not demand the creation of a privilege log in connection with Reproduced Discovery Material, nor shall any a Producing Person be required to create any such privilege log, and the failure to create or provide one shall not constitute a waiver of any privilege or protection.  Any challenges to privilege log(s) relating to any Reproduced Discovery Material or any designation of Reproduced Discovery Material as subject to the attorney-client privilege, attorney work product, or any other privilege or protection, or as otherwise not subject to production shall be consistent with the Court's statements during the May 10, 2013 status conference.  With respect to Reproduced Discovery Material that is subsequently designated as privileged or otherwise not subject to production in the litigation or proceedings in which such Reproduced

Discovery Material was originally produced, the Producing Person shall promptly notify any Receiving Person of such subsequent designation, and such Receiving Person shall, within 14 calendar days, destroy all such subsequently designated Reproduced Discovery Material and certify to the Producing Person that it has done so.

20.     The Order shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality of any discovery material (whether or not designated as Confidential Discovery Material) in addition to the limits and protections provided herein, including, without limitation, that access to or disclosure of any discovery material be limited solely to counsel for a Party or to other specified persons and without prejudice to the rights of any other person to contest such application.

21.     Any additional parties that join or are joined in the Action, may have access to materials produced pursuant to this Order only after the party executes and files with the Court a stipulation agreeing to be fully bound by the Order. Nonparties producing discovery materials may gain the benefits of this Order with respect to any discovery materials they produce by designating as "CONFIDENTIAL" the discovery material they produce.

22.     <u>Final Disposition</u>.  Unless otherwise ordered or agreed in writing by the Producing Person, within sixty (60) days after the final termination of the Action in which a Producing Person produced discovery materials pursuant to this Order, including any appeals, each Receiving Person must, at its option, take commercially reasonable efforts to either return all Confidential Discovery Material to the Producing Person, or destroy it.  Notwithstanding this provision, counsel for the Parties may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or

constitute Confidential Discovery Material remain subject to this Order until the Producing Person agrees otherwise in writing or this Court orders otherwise.

23.     This Order shall survive the termination the Action.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by outside counsel of record for each Producing Person or by an Order of the Court.

24.     The Parties may jointly seek to amend or modify the Stipulation and this Order, subject to Court approval.

25.     Notwithstanding any provision contained herein, nothing in this Order shall restrict in any way the right of a Party to make use of its own discovery material in any way it deems fit.

26.     Nothing in this Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Action of any matter discovered.

27.     <u>Disclosure of Nonparty Borrower Information.</u>  To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information ("Nonparty Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement.  To the extent any Nonparty Borrower Information Law requires a party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and the Court hereby **Orders** that the party is exempted from obtaining a court-ordered subpoena or having to notify or obtain

consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court hereby **Orders**, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, that the Parties are explicitly prohibited from providing such notice; *provided, however*, that this Order shall not prohibit any party from contacting any person or entity for any other purpose. Any Producing Person may seek additional orders from this Court that it believes may be necessary to comply with any Nonparty Borrower Information Law.

IT IS SO ORDERED

Dated: October 8, 2013

_____
Hon. Mariana R. Pfaelzer
United States District Judge

**ACKNOWLEDGMENT**

        I have been informed that on _____, the United States District Court for the Central District of California entered an ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL DISCOVERY MATERIAL in *IKB International S.A. in Liquidation v. Bank of America Corporation*, No. 12-CV-6151 (C.D. Cal.) (the "Order").  I have read the Order, agree to abide by the terms of the Order as they apply to me, and voluntarily submit to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceeding related to the Order, including my receipt or review of information that has been designated as CONFIDENTIAL.


                                       (Signature)


                                  _____
                                      (Printed Name)